3327/nof.731

**FILED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 3 1 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| WESTFALIA-SURGE, INC., a | ) | |
| Delaware corporation, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 03 C 4304 |
| | ) | |
| DAIRY TEX, INC., a Texas corporation; | ) | Hon James B. Zagel |
| WALKER DAIRY SUPPLY, INC., a Texas | ) | |
| corporation, d/b/a ALAMO DAIRY | ) | |
| AUTOMATION, ALAMO-SURGE and/or | ) | |
| WALKER DAIRY SUPPLY; LELAND RANDAL | ) | |
| WALKER, individually and d/b/a WALKER | ) | |
| DAIRY SUPPLY, | ) | |
| Defendants. | ) | |

**DOCKETED**

AUG 0 8 2003

## NOTICE OF FILING

TO:    See Attached Service List

PLEASE BE ADVISED that on July 31, 2003, Defendants, WALKER DAIRY SUPPLY, INC., Texas corporation, d/b/a ALAMO DAIRY AUTOMATION, ALAMO-SURGE and/or WALKER DAIRY SUPPLY and LELAND RANDAL WALKER, individually and d/b/a WALKER DAIRY SUPPLY, filed with the United States District Court, Northern District of Illinois, Eastern Division, the attached **Memorandum of Law in Support of Defendant's Motion to Dismiss**.

> WALKER DAIRY SUPPLY, INC., d/b/a DAIRY TEX, Inc., a Texas Corporation, ALAMO DAIRY AUTOMATION, ALAMO-SURGE and/or WALKER DAIRY SUPPLY and LELAND RANDAL WALKER, individually and d/b/a WALKER DAIRY SUPPLY, Defendants,

> By: _Troy A. Lundquist_
> One of Its Attorneys

MANGAN, LANGHENRY, GILLEN & LUNDQUIST
18 W. Cass Street, Suite 200
Joliet, Illinois 60432
(815) 726-3600

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, state that I caused to be served the foregoing with enclosures referred to thereon, if any, by mailing copies to the attorneys of record at the addresses of record, and depositing same in the U.S. Mail at 18 W. Cass Street, Joliet, Illinois, 60432, before 5:00 p.m. on the 31st day of July, 2003.    _Troy A. Lundquist_

3327/service.lst
<u>Westfalia v. Dairy Tex</u>

## <u>SERVICE LIST</u>

<u>Attorney for Plaintiff</u>:

Mr. Phillip C. Buntin
MORSE & BOLDUC
25 E. Washington St., Ste 600
Chicago, IL 60602
Phone: 312/251-2577
Fax: 312/855-0510

     and

Mr. Stephen A. Watson
HYLAND & WATSON
32123 Lindero Canyon Road, Ste 215
Westlake Village, CA 91361
Phone: 818/706-3695
Fax: 818/706-3349

<u>Attorney for Defendant, Dairy Tex</u>:

Stephen T. Mikus
Bryce, Downey, Murray, Jensen & Mikus
312 W. Randolph St, Suite 200
Chicago, Illinois 60606
Phone: 312/263-5432
Fax: 312/263-5759

3327/mtd

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# FILED

JUL 3 1 2003

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| WESTFALIA-SURGE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DAIRY TEX, INC., a Texas corporation; WALKER DAIRY SUPPLY, INC., a Texas corporation, d/b/a ALAMO DAIRY AUTOMATION, ALAMO-SURGE and/or WALKER DAIRY SUPPLY; LELAND RANDAL WALKER, individually and d/b/a WALKER DAIRY SUPPLY, <br><br> Defendants. | Case No. 03 C 4304 <br><br> Judge Zagel |

**DOCKETED**

AUG 0 8 2003

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, WALKER DAIRY SUPPLY, INC., a Texas corporation, d/b/a

ALAMO DAIRY AUTOMATION, ALAMO-SURGE and/or WALKER DAIRY SUPPLY and

LELAND RANDAL WALKER, individually and d/b/a WALKER DAIRY SUPPLY (WALKER),

by and through their attorneys, MANGAN, LANGHENRY, GILLEN, & LUNDQUIST, and for their

Memorandum of Law in support of their Motion to Dismiss the Plaintiff's Compliant pursuant to

Rule 12(b)(6) state as follows:

### INTRODUCTION

This cause of action is a civil action in which jurisdiction is founded on diversity of

citizenship. This action should be dismissed as Plaintiff has failed to state a cause of action upon

which relief could be granted.



## ALLEGATIONS FROM COMPLAINT

According to Plaintiff's Complaint, in 1995 a dairy farmer named James Traweek d/b/a Jam-Dot Holstein ("dairy farmer") purchased automated dairy milking equipment manufactured by Plaintiff and sold and distributed by Defendant, in Texas, pursuant to a Master Dealer Agreement between Plaintiff and Defendant.

Texas dairy farmer, James Traweek d/b/a Jam-Dot Holstein began experiencing problems with the milking of his cows. Subsequently he made a claim against the Plaintiff. The Plaintiff settled the claim with Mr Traweek.(see Copy of Settlement Agreement and Release, attached as **Exhibit B**). Plaintiff has filed this lawsuit and seeks reimbursement of the settlement amount as well as other incidental costs incurred.

Plaintiff has filed a five count complaint against the Defendants. Count one is based on negligence, count II is based on contribution, count III on breach of contract of a "Master Dealer Agreement," count IV on breach of contract of a "customer agreement," and count V is based on contractual indemnity. See Copy of Plaintiff's Complaint attached as **Exhibit A**. All counts should be dismissed as each fails to state a cause of action upon which relief may be granted.

## ATTACHED EXHIBITS

Attached to this Motion as Exhibit B is, upon information and belief, a copy of the Settlement Agreement and Release referenced in paragraph 8 of Plaintiff's Complaint. Upon information and belief, there is no dispute that Exhibit B is a true, correct and accurate copy of the Settlement Agreement and Release referenced in paragraph 8 of Plaintiff's Complaint. However, Defendant WALKER has served upon Plaintiff a Request to Admit the Genuineness of Exhibit B. (See Request attached as **Exhibit E**).

2

Attached as Exhibit C is, upon information and belief, a copy of the claim documents referenced in paragraph 7 of Plaintiff's Complaint. Upon information and belief, there is no dispute that Exhibit C is true, correct and accurate copies of the claim documents referenced in paragraph 7 of Plaintiff's Complaint. However, Defendant WALKER has served upon Plaintiff a Request to Admit the Genuineness of Exhibit C. (See Request attached as *Exhibit E*).

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pled factual allegations in the complaint and views them, along with the reasonable inferences to be drawn from them, in the light most favorable to the Plaintiff, Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1324 (7th Cir.1993). However, the Court must grant a motion to dismiss when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Davis v. Browner, 99 C 7964, 2000 WL 1370322 (N.D. Ill. 2000), citing Conley v. Gibson 355 U.S. 41, 45-46 (1957).

## ARGUMENT

**I.    THE NEGLIGENCE COUNT (COUNT I) SHOULD BE DISMISSED AS THE STATUE OF LIMITATIONS HAS EXPIRED AND THE CLAIM IS BARRED BY THE ECONOMIC LOSS DOCTRINE.**

The Negligence Count, alleges that Defendant, WALKER owed a duty to the Plaintiff to ensure that Plaintiff's "dairy farm equipment was properly and adequately installed, repaired, maintained and serviced, so as to perform properly." (Complaint para. 11). It also alleges that WALKER breach that duty. The Negligence Count should be dismissed as the two-year statute of limitations has expired. Assuming this claim is not time-barred, then the Negligence Count should be dismissed as it is barred by the economic loss doctrine.

3

According to the Complaint, Plaintiff, WESTFALIA is a corporation organized under the laws of the State of Delaware and authorized to do business in the State of Illinois. Defendant WALKER and DAIRY are corporations organized under the laws of the State of Texas, with their former principal place of business in Texas. The Plaintiff alleges that the Defendants negligently installed and serviced dairy farm equipment in Texas that was sold to a Texas farmer. Accordingly, there is a conflict of law issue - whether Illinois or Texas law applies to the Negligence Count. The Statute of Limitations in Texas for tort claims is two (2) years. *Tex. Civ. Prac. & Rem Code Ann.* Sec. 16.003(a). Illinois has a five (5) year Statute of Limitations. 735 *ILCS* 5/13-205. Pursuant to Illinois' choice of law rules, and the Illinois Borrowing Statute (735 ILCS 5/13-210), the two (2) year statute of limitations of Texas should apply.

## A.    *TEXAS LAW IS APPLICABLE TO THE NEGLIGENCE COUNT*

Conflict of Law issues in diversity jurisdiction case are determined by looking at the conflict of law rules of the state in which the federal court sits. Klaxon co. Stentor Elec. Mtg. Co., 313 U.S.487, 61 S.Ct. 1020 (1941). In this case, the court looks to Illinois choice of law rules. In a tort action, Illinois uses the "most significant relationship" approach when deciding choice of law disputes. Esser v. McIntyre, 169 Ill.2d 292, 297, 661 N.E.2d 1138, 1141 (1996).

The "most significant relationship" approach requires a determination as to "which state possesses the most significant relationship to the issues involved after evaluating the contacts the various states have with the litigation." St. Charles Riverfront Station, Inc. v. Empress Casino Joliet Corp., 5 F. Supp.2d 592, 593 (N.D. IL 1998). Among the factors to consider are:

(1) the place of injury and the place where the conduct causing the injury occurred;

(2) the domicile of the parties;

4

(3) the place of incorporation and place of business of the parties;

(4) the place where the parties' relationship is centered. Id.

"The most important factors are the place of injury and the place where the conduct causing the injury" occurred. Id.

In St Charles Riverboat Station, Inc., the plaintiff sued the defendants in tort. The Complaint alleged that the defendant interfered with its employees by inducing its employees to breach their employment contracts. The plaintiff was a Missouri corporation with its principal place of business in Missouri. Defendant, Empress was an Illinois Corporation with its principal place of business in Illinois. Plaintiff argued that Illinois law applied, while defendant argued Missouri governs. The Court held that Missouri governs as the injury took place in Missouri.

In this case, the place of injury and place where the conduct causing the injury occurred is Texas. The dairy farm equipment was sold to a Texas farmer. (Complaint para 5). The farmer began experiencing problems with the dairy farm equipment. (Complaint para. 6). The Complaint alleges that defendants failed to properly and adequately install, repair, maintain and service the dairy farm equipment located in Texas. (Complaint para. 11). Therefore, the first, and most important factor weighs in favor of applying Texas law.

The domicile of the parties and their place of business favors Texas. According to the Complaint, Plaintiff, WESTFALIA is a corporation organized under the laws of the State of Delaware and authorized to do business in the State of Illinois. Defendant WALKER and DAIRY are both corporations organized under the laws of the State of Texas, with their former principal place of business in Texas. Defendant Leland Walker is a resident of Texas. The dairy farmer that purchased the equipment is in Texas. There are more relationships with Texas than Illinois.

5

Therefore, the second factor weighs in favor of applying Texas law.

Based on the above analysis, Texas law governs the negligence count. Therefore Texas' two

(2) year statute of limitations is applicable to this case.

Assuming arguendo that the choice of law factors do not favor Texas law, the two (2) year

statue of limitations of Texas is applicable to this claim based on Illinois' Borrowing Statute. The

borrowing statute states as follows:

> When a cause of action has arisen in a state or territory out of this State, or in a
> foreign country, and by the laws thereof, an action thereon cannot be maintained
> by reason of the lapse of time, an action thereon shall not be maintained in this
> State. 735 *ILCS* 5/13-210.

The borrowing statute applies where: (1) neither party to the action resides in Illinois; and

(2) the cause of action arose outside of Illinois. Caraluzzi v. Prudential Securities, Inc., 824 F. Supp.

1206, 1213 (N.D. IL 1993). A corporation resides where it is incorporated and not where it does

business. Id. In Caraluzzi, the court barred the plaintiff's tort claim based on Connecticut's statute

of limitations. Plaintiff was a Connecticut resident, and the defendant was incorporated in Delaware.

The action arose in Connecticut since the monthly statements were mailed to plaintiff's Connecticut

address, and the defendant's advisor and office was in Connecticut. *see also,* Mackereth v. G.D.

Searle and Co., 285 Ill.App.3d 1070, 674 N.E.2d 936 (1st Dist.1996)( Minnesota statute of limitation

used where equipment was prescribed, placed, used and caused injury in Minnesota.).

In this case, neither party to this action is an Illinois resident. Plaintiff is incorporated in

Delaware, and is therefore a Delaware resident. WALKER is incorporated in Texas, and Leland

Walker is a resident of Texas. Moreover, this action arose in Texas. The dairy farm equipment was

sold to a Texas farmer. (Complaint para 5). The farmer began experiencing problems with the dairy

6

farm equipment. (Complaint para. 6). The Complaint alleges that defendants failed to properly and adequately install, repair, maintain and service the dairy farm equipment located in Texas. (Complaint para. 11). WALKER was a distributor of the dairy farm equipment manufactured by Plaintiff. (Complaint para. 3). WALKER distributed the dairy farm equipment to Texas farms. (Complaint para. 3 & 5). The dairy farm equipment was placed, used and allegedly caused injury in Texas. Therefore, Texas is were this cause of action arose. Accordingly, the two (2) year statute of limitations on tort claims under Texas law should bar the Plaintiff's negligence count.

**B.**      ***PLAINTIFF'S NEGLIGENCE COUNT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS.***

Count I purports to state a cause of action by the Plaintiff against the Defendant sounding in negligence. Plaintiff fails to plead any support for its assertion of a direct action for negligence. Plaintiff has no possible standing to sue defendant directly for negligence other than pursuant to an assignment, which the Plaintiff purportedly received from the dairy farmer. Although not plead by the Plaintiff, Plaintiff received an assignment from the dairy farmer when it reached the settlement agreement. (See ***Exhibit B***, Settlement and Release Agreement). Even assuming arguendo that the assignment is valid, which defendant denies, Plaintiff can stand in no better position than its assignor, the dairy farmer, could stand. Therefore, if the assignor's claim is not filed within the applicable statute of limitations, then the action is time-barred..

The Statute of Limitations in Texas for tort claims is two (2) years. *Tex. Civ. Prac. & Rem Code Ann.* Sec. 16.003(a). Count I of Plaintiff's Complaint is barred by the two (2) year statute of limitations. According to the facts as plead in Plaintiff's Complaint, in 1995, a dairy farmer purchased dairy farm equipment and subsequently began experiencing problems with the equipment.

7

(Complaint para 5 & 6). The dairy farmer made a claim against the Plaintiff in May, 2000 for damages allegedly sustained over a period between June, 1995 and January, 2000. (Complaint para. 7). Plaintiff settled its claim with the dairy farmer and took an assignment of the farmer's cause of action against the Defendants. (See *Exhibit B*, Settlement and Release Agreement).

Based on the purported assignment, Plaintiff-assignee obtains no greater right or interest than that possessed by the dairy farmer-assignor. Owens v. McDermott, Will & Emery, 316 Ill. App.3d 340, 350, 736 N.E.2d 145, 155 (IL. App. Ct. 2000). A cause of action accrues for purposes of the statute of limitation, when the alleged wrongful act was committed. Dallas Power & Light Co., v. Westinghouse Electric Corporation, 855 F.2d 203 (5th Dist. 1988)(claim for negligent design, manufacturing, installation, maintenance and inspection of turbine generator accrued at time generator was installed and time performance of service took place). In this case, the negligence cause of action accrued in 1995 - date when dairy farm equipment was installed. Therefore, the 2 year statute of limitations expired in 1997. However, even if we take the May, 2000 date, which is the alleged date that the farmer made a claim with the Plaintiff, the statute of limitations expired on May, 2002. Plaintiff filed this lawsuit on February 5, 2003. No matter which date is applicable - June 1995 or May 2000, the statute of limitations has expired on the Plaintiff's negligence count.

## C.   *PLAINTIFF'S NEGLIGENCE CLAIM IS ALSO BARRED BY THE ECONOMIC LOSS DOCTRINE.*

Even if we were to assume arguendo Plaintiff's negligence claim was timely, then the economic loss doctrine bars Plaintiff's claim.  Both Illinois and Texas apply an economic loss doctrine to bar tort claims which seek economic losses only. Moorman Manufacturing Co., v National Tank Co., 91 Ill.2d 69, 435 N.E.2d 443(IL Sup. Ct. 1982); Trans-Gulf Corp. v. Performance

8

Aircraft Services, Inc., 82 S.W.3d 691(Ct. App. TX 2002). Therefore, there is no conflict of law with respect to the economic loss doctrine. However, consistent with our choice of law analysis, we will apply Texas' economic loss doctrine - although the same result would be warranted under Illinois law.

In Trans-Gulf Corp, the court barred plaintiff's negligence claim as the Plaintiff was seeking economic losses. The plaintiff purchased an aircraft which was repaired by the defendants. The plaintiff alleged that the defendants used the wrong type of sealant for the aircraft's fuel tank. Plaintiff sued based on negligence and other theories. The court stated that the plaintiff made no allegation that the fuel tank caused injury to a person or property. The plaintiff "only seeks to be reimbursed for the cost of replacing the sealant . . . as well as incidental costs associated with the replacement process." Id. at 693. The court held that such a claim seeks only economic losses which are barred under the economic loss doctrine. Id.

In this case, Plaintiff is seeking reimbursement of the sum of money it paid out to settle the claim with the dairy farmer. (Complaint para. 8). Plaintiff is also claiming the incidental costs and expenses incurred regarding the farmer's claim. (Complaint para. 9). As in Trans-Gulf, the Plaintiff in this case is seeking reimbursement of solely economic losses. Plaintiff has not alleged that it suffered any personal injury or property damage. The Plaintiff's recovery seeks reimbursement of the settlement costs it paid to the dairy farmer. Such a claim establishes solely economic losses which are not recoverable under a negligence theory.

In addition, the farmer's claim was also for purely economic losses. (see *Exhibit C*, Dairy Farmer's Warranty Claim to Plaintiff). The dairy farmer made a claim with the Plaintiff in May, 2000 for "repair costs," "loss premiums," "milk production loss," and replacement costs for the

"milk tank." All of these alleged losses are economic losses. Therefore, Plaintiff's attempt to claim the farmer's losses would be similarly flawed. Consequently, Plaintiff's negligence count is barred by the economic loss rule.

Even if Plaintiff attempts to claim that alleged property damage was sustained by the dairy farmer, and pursuant to the assignment it is attempting to recover such losses, this attempt continues to fail under the economic loss doctrine and both Illinois' and Texas' statutes of limitations. An assignee obtains no greater right or interest than that possessed by the assignor. Owens v. McDermott, Will & Emery, 316 Ill. App.3d 340, 350, 736 N.E.2d 145, 155. The farmer's negligence claim is time barred, and therefore the farmer cannot assign a right in which he no longer holds. As stated above, the dairy farmer began experiencing a problem with the equipment in June 1995. Therefore, the statute of limitation began to accrue on June, 1995. Whether you take Illinois' 5 year statute of limitations or Texas' 2 year statute of limitations, the farmer's negligence claim is time barred. Plaintiff filed a lawsuit on February 5, 2003. The Illinois statute expired in 2000, and the Texas statute expired in 1997. Accordingly, Count I should be dismissed with prejudice.

## II. THE CONTRIBUTION COUNT (COUNT II) SHOULD BE DISMISSED AS A SETTLING JOINT-TORTFEASOR CANNOT SEEK CONTRIBUTION FROM A NON-SETTLING JOINT-TORTFEASOR and THE ASSIGNMENT IS INVALID FOR PURPOSES OF CONTRIBUTION.

Count II of Plaintiff's complaint is based on contribution. It contains the similar allegations as in the Negligence Count. It also alleges that "[p]laintiff has paid amounts in excess of its pro rata share of the common liability to [dairy farmer], and is therefore entitled to contribution from the Defendants pursuant to the Illinois Contribution Act, 740 ILCS 100/0.01 et seq."

Count II should be dismissed because Plaintiff, as a settling party, has no legal right to seek contribution from a non-settling party under Texas law. Arguing in that alternative, even if we to assume that Illinois law applies, then Plaintiff cannot seek contribution from WALKER as the Plaintiff has not extinguished WALKER's liability to the dairy farmer pursuant to the requirements of the Illinois Contribution Act ("Contribution Act"). Consequently, Count II should be dismissed.

### A.     *TEXAS LAW IS APPLICABLE TO THE CONTRIBUTION COUNT.*

WALKER restates and incorporates by reference the choice of law analysis in Section I A as the choice of law analysis in II A. Accordingly, Texas law would govern the Contribution Count.

### B.     *PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER CONTRIBUTION BECAUSE UNDER TEXAS LAW, PLAINTIFF HAS NO LEGAL RIGHT TO SEEK CONTRIBUTION FROM A NON-SETTLING PARTY.*

Under Texas law, a settling party may not preserve contribution rights either by obtaining a complete release from all other parties or by obtaining an assignment of the plaintiff's entire claim. Beech Aircraft Corp. v. Jinkins, 739 S.W.2d 19 (Tex. Sup. Ct. 1987), *see also*, Pearce v. Vince Hagan Company, 834 S.W.2d 108 (Tex. App.1992)(settling party cannot preserve contribution rights by attempting to settle injured parties' entire claim); (Hagan v. McKenna, 768 S.W.2d 518 (Tex. App. 1989)(party who settles an injured parties claim has no right of contribution against a non-settling party who was not joined in the settlement).

In Beech Aircraft Corp., an injured passenger and a pilot brought suit against the manufacturer and supplier of an aircraft and its engine. The manufacturer and supplier settled with the injured passenger. The settlement agreement released the pilot and reserved a right of contribution against the pilot. Subsequently, the manufacturer and supplier filed a contribution claim

11

against the pilot based on the settlement. The pilot filed a motion for summary judgement arguing the settlement agreement extinguished any right of contribution. The Texas Supreme Court held that a settling party cannot obtain a full release from the injured party or obtain an assignment from the injured party and reserve a right of contribution. Id. at 22.

Similarly in Pearce v. Vince Hagan Company, the Texas Appellate Court, held that a settling party cannot seek contribution from non-settling parties. A worker filed a personal injury claim against a property owner. The property owner settled with the injured worker, with the property owner assigning its rights of contribution to the injured worker. The injured worker then attempted to seek contribution from an equipment supplier. The court held that the injured worker cannot preserve a right of contribution against the non-settling equipment supplier. Id.

In this case, Plaintiff has no right of contribution against the Defendant, WALKER. Plaintiff has settled with the injured farmer which made a direct claim against Plaintiff. A copy of the Settlement and Release Agreement is attached as *Exhibit B*. Contained in the agreement is an assignment of the injured parties rights against the Defendant, WALKER. After obtaining this release and assignment, Plaintiff instituted this lawsuit to seek reimbursement of monies it paid pursuant to the settlement agreement with the injured party.

Plaintiff now seeks contribution based on the settlement; however such action and request is prohibited. Under Texas Supreme Court precedent, Plaintiff, a settling party, has no right of contribution against the Defendant, WALKER, a non-settling party. Plaintiff is a settling party that settled with the injured party and sought an assignment of the injured parties entire claim. Therefore, Plaintiff's contribution claim should be dismissed for failing to state a cause of action upon which relief can be sought.

12

### C.   *PLAINTIFF CANNOT SUCCESSFULLY ASSERT A CONTRIBUTION ACTION AGAINST DEFENDANT UNDER ILLINOIS LAW EITHER.*

Even if this Court were to apply Illinois Law to the contribution count, the result is no different. Under Illinois law, a party who wishes to settle with an injured party and intends to seek contribution from another third-party must secure the third-parties release in order to preserve its right to contribution. Dixon v. Chicago & North West. Transp. Co., 151 Ill.2d 108, 116, 601 N.E.2d 704 (IL Sup. Ct. 1992).

In Dixon, the injured party brought suit against his co-worker, employer and manufacturer of a motor vehicle. Employer settled with the injured party, and attempted to seek contribution from the manufacturer of the motor vehicle. Manufacturer was not a party to the settlement agreement between employer and injured party. The Illinois Supreme Court barred the contribution claim. The court held that under the "plain language of" the Contribution Act, employer was not entitled to seek contribution because the manufacturer's liability was not extinguished by the settlement entered into between employer and injured party. Id. at 116. The court held that "[a] party that settles may seek contribution only from parties whose liability was extinguished by the same settlement." Id.

In the case at bar, the Plaintiff has no right of contribution under Illinois law. The dairy farmer (injured party) made a claim with the Plaintiff (settling party). The Plaintiff settled the claim with the farmer and obtained a release from the farmer. See Settlement Agreement and Release, *Exhibit B*. Defendant, WALKER was not a party to the settlement agreement. Plaintiff in turn has filed a lawsuit against WALKER (non-settling party) based on contribution. The release did not extinguish the liability of WALKER as required under the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/2(d)). Plaintiff did not obtain the release of WALKER when it settled its claim with

13

the farmer. As the Dixon court held, a settling party that settles with an injured party without obtaining a release of a third-party joint tortfeasor is barred from seeking contribution from the third-party tortfeasor. Therefore, since Plaintiff did not obtain a release of WALKER under the Settlement Agreement and Release form, Plaintiff is barred from seeking contribution from WALKER. Accordingly, Plaintiff's contribution claim should be dismissed for failing to state a cause of action upon which relief can be granted.

**D.    *THE ASSIGNMENT IN THE SETTLEMENT AND RELEASE AGREEMENT IS INVALID FOR PURPOSES OF SEEKING CONTRIBUTION.***

Contained in the Settlement Agreement and Release is an assignment to Plaintiff of the dairy farmer's rights against WALKER.  As discussed above, Texas law would be applicable to the contribution count. Under Texas Supreme Court precedent, a settling party cannot preserve its right to reimbursement or contribution from non-settling parties by taking an assignment of the injured parties' original claim. International Proteins Corp., v. Ralston-Purina Co., 744 S.W.2d 932 (Tex. Sup. Ct. 1988).

In International Proteins, the injured party purchased contaminated chicken feed from a distributor.  The distributor purchased the feed from a producer. The injured party filed suit against the distributor and producer. Subsequently, the injured party settled with the producer. The settlement contained an express reservation of the producer's right of contribution against the distributor, as well as an assignment of the injured party's original claim.  The case went to trial and the producer prosecuted the injured party's original claim as well as its right of contribution.

The Texas Supreme Court held that a settling party cannot preserve its right to reimbursement or contribution from non-settling parties by taking an assignment of the injured party's original

14

claim. The court held that as a general rule actions may be assigned, but it is contrary to public policy to permit a joint tortfeasor the right to purchase an action from an injured party to whose injury the tortfeasor contributed. Id. at 934. The court held that the producer/assignee is entitled to nothing. see also, BDO Seidman, LLP v. Bracewll & Patterson, LLP, No. 05-02-00636-CV, 2003 WL 124829 (Tex. App. Jan. 16, 2003)(assignment of original injured party's claim to settling party prohibited under Texas law).

In the case at bar, the assignment in the Settlement Agreement and Release is not valid. The assignment does not give the Plaintiff a right of contribution, or a right to prosecute this claim as the original injured party. The dairy farm (injured party) made a claim with the Plaintiff. Plaintiff settled the claim and obtained a release which contained an assignment of the dairy farm's rights against WALKER. Subsequently, Plaintiff initiated this suit to seek reimbursement of the money it paid out to the dairy farmer. Under International Proteins, Plaintiff cannot preserve a right to reimbursement or contribution from a non-settling party by taking an assignment of the original injured party's claim. As in International Proteins, the Plaintiff in this case receives nothing. Accordingly, Plaintiff's contribution claim should be dismissed for failing to state a cause of action upon which relief can be granted.

Assuming arguendo that Illinois law applies, count II nonetheless fails to state a claim and should be dismissed. In Illinois, an assignment to settling parties of an injured parties' rights against non-settling parties is invalid as contrary to the terms and policies of the Illinois Joint Tortfeasor Contribution Act (740 ILCS 100/2)("ACT"). Dubina v. Mesirow Realty Development, Inc., 197 Ill.2d 185, 756 N.E.2d 836 (IL Sup. Ct. 2001).

In Dubina, the Illinois Supreme Court held that the assignment in the settlement and release

agreement between the settling parties and injured party was invalid as contrary to the terms and policies of the Illinois Joint Tortfeasor Contribution Act. Various plaintiffs brought suit against multiple defendants for property damage arising out of a fire. Before trial, all plaintiffs settled with all defendants except two defendants. Pursuant to the settlement agreements, the Plaintiffs' assigned their rights against the non-settling defendants to the settling defendants.

The Illinois Supreme Court held that although property damage claims are assignable, the assignments in this case are contrary to the Contribution Act. The court held that assignments defeat the Act's purpose of equitable distribution among joint-torteasors. By receiving an assignment of the original injured parties' claim, the settling defendants stand to recoup an amount in excess of the amount paid under the settlement. Id. at 196. This is contrary to the Act's purpose of equitable apportionment among joint tortfeasors. The court also held that the assignment violates the Act because it allows the settling defendants to accomplish indirectly that which they could not have accomplished directly. Directly, the settling defendants would not have been able to seek contribution from the non-settling parties as the non-settling parties' liability were not extinguished by the settlement. Under the assignment, they are able to indirectly recover contribution from the non-settling party. Id. This violates the Act.

In the case at bar, based on Illinois precedent, the assignment is invalid as contrary to the terms and policies of the Illinois Joint Tortfeasor Contribution Act. By obtaining an assignment of the original injured parties claim, the Plaintiff stands to recoup more than it paid out under the Settlement Agreement and Release. The original injured party made a claim with the Plaintiff in the amount of $1,108,159. (Complaint para. 7). The Plaintiff settled the claim for $300,000. (see Settlement Agreement and Release attached as *Exhibit B*). Based on the assignment, Plaintiff would

16

stand in the shoes of the original injured party and attempt to recover the amount of $1,108,159. Assuming Plaintiff is successful, Plaintiff would recoup an amount in excess of its settlement amount of $300,000. This is contrary to the Acts purpose of equitable apportionment among joint tortfeasors.

Moreover, the Plaintiff is able to accomplish indirectly that which it cannot accomplish directly. Directly, Plaintiff would have no right of contribution as the Plaintiff has not extinguished the liability of WALKER based on the settlement and release agreement. By obtaining an assignment, the Plaintiff would be able to indirectly recover contribution from WALKER. This is also contrary to the purpose and policy of the Act. The facts of this case are similar to the facts of Dubina, and as in Dubina, the assignment in this case is invalid as contrary to the purpose and policy of the Act. Accordingly, Plaintiff's contribution claim should be dismissed for failing to state a cause of action upon which relief can be granted.

## III. THE BREACH OF CONTRACT - MASTER DEALER AGREEMENT (COUNT III) SHOULD BE DISMISSED AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Count III is a breach of contract claim. It alleges that Plaintiff and Defendant, WALKER entered into a Master Dealer Agreement. (Complaint para. 20). It further alleges that WALKER breached certain provisions of the agreement. (Complaint paras. 21-22).

The breach of contract claim should be dismissed. First, the statute of limitations has expired. Assuming the claim is not time-barred, Count III should be dismissed as the claim is contrary to the purpose and policies of the Illinois Contribution Act.

17

**A.** **ILLINOIS LAW IS APPLICABLE TO THE INTERPRETATION OF THE MASTER DEALER AGREEMENT HOWEVER THE APPLICABLE STATUTE OF LIMITATIONS IS GOVERNED BY TEXAS LAW.**

The Master Dealer Agreement contains a choice of law provision which reads as follows:

"This agreement shall be construed in accordance with the laws of the State of Illinois." Accordingly,

Illinois law would apply to the interpretation of the Master Dealer Agreement. However, the

applicable statute of limitations is governed by Texas law pursuant to the Illinois Borrowing Statute.

Defendant incorporates by reference Section I A of this brief with respect to the Illinois Borrowing

Statute. A breach of contract claim under Texas law is governed by a four (4) year statute of

limitations. (Tex. Bus. & Com. Code Ann. Section 2.725). The section reads as follows:

> a) An action for breach of any contract for sale must be commenced within four
> years after the cause of action has accrued. By the original agreement the parties
> may reduce the period of limitation to not less than one year but may not extend
> it.
> (b) A cause of action accrues when the breach occurs, regardless of the aggrieved
> party's lack of knowledge of the breach.

A breach of contract claim under Illinois law is governed by a ten (10) years statute of limitations.

735 *ILCS* 5/13-204. Since Texas' statute is shorter, under the Illinois Borrowing Statute, the Texas

statute would apply. Consequently, Count III is governed by the four (4) year statute of limitations.

**B.** **THE BREACH OF CONTRACT FOR THE MASTER DEALER AGREEMENT SHOULD BE DISMISSED AS THE STATUTE OF LIMITATIONS HAS EXPIRED.**

Under Texas law, a breach of contract action accrues when the breach occurs, regardless of

the aggrieved party's knowledge of the alleged breach or lack thereof. Tex. Bus. & Com. Code Ann.

Section 2.725(b). Plaintiff specifically admits in its Complaint that the alleged breach in this case

18

occurred in June, 1995. (Complaint pars. 5-7). The fact that the farmer did not make a claim with the Plaintiff until May, 2000 is not relevant for purposes of the accrual date for the statute of limitations. The Texas statute specifically states that the "breach of contract accrues when the breach occurs, *regardless of the aggrieved party's lack of knowledge of the breach.*" The aggrieved party in this case is the Plaintiff since it is the Plaintiff alleging a breach of the Master Dealer Agreement. Consequently, the statute of limitations expired in June, 1999. Plaintiff filed this complaint on February 5, 2003. Accordingly, the statute of limitations has expired and Plaintiff's breach of contract claim is time-barred and should be dismissed.

### C. PLAINTIFF'S BREACH OF CONTRACT CLAIM IS ACTUALLY A CLAIM FOR CONTRIBUTION AND SHOULD BE DISMISSED.

Plaintiff's breach of contract claim is actually a claim for contribution. Plaintiff is attempting to circumvent the purpose and policies of the applicable Contribution Statutes (Acts) by couching its contribution claim as a breach of contract claim. This is contrary to the terms and policies of the Acts. As noted above under either the law of Texas or Illinois, there exists contribution statutes that each have articulated policies and purposes upon which they are based. The same concerns apply as articulated in the Illinois Supreme Court decision of Dubina v. Mesirow Realty Development, Inc., 197 Ill2d 185, 756 N.E.2d 836. (see Section II-C above)(assignment contrary to Act as it; (1) defeats equitable distribution among tortfeasors; and (2) allows a party to accomplish indirectly, that which they could not have accomplished directly).

In this case, the same concerns are applicable to Count III and its purported breach of contract claim. Pursuant to Plaintiff's complaint, Plaintiff is seeking to recover its settlement payment in connection with its settlement with the dairy farmer. In essence Plaintiff is seeking contribution.

19

However, by couching the allegations of Count III as a "breach of contract" action, Plaintiff defeats the purpose of equitable distribution among joint-tortfeasors and is attempting to circumvent the statutory requirements to seek same. Plaintiff stands to recoup an amount in excess of the amount paid under the settlement terms with the dairy farmer. This is contrary to the express and well established purposes of the Contribution Acts of both Illinois and Texas.

Moreover, by couching this count as a "breach of contract" action, Plaintiff is attempting to accomplish indirectly, that which it could not have accomplished directly. Directly, the Plaintiff would not be able to seek contribution from WALKER under either Texas or Illinois law as set forth above. Under this "breach of contract" action, Plaintiff is able to indirectly recover contribution from WALKER. This also violates the Act. Accordingly, Plaintiff's purported "breach of contract" count should be dismissed.

IV.　**COUNT IV, THE BREACH OF CONTRACT OF THE CUSTOMER AGREEMENT SHOULD BE DISMISSED AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Count IV is also a breach of contract claim. This claim alleges that "upon information and belief" WALKER and the dairy farmer entered into a customer agreement. (Complaint para. 25). It alleges that WALKER breached the customer agreement by failing to install, maintain and service the dairy farm equipment. (Complaint para. 27). It also alleges that "[p]laintiff stands in the shoes of [the dairy farmer] with respect to Defendant's liability under the Customer Agreement." (Complaint para. 29).

The breach of contract of the customer agreement should be dismissed. First the statute of

limitations has expired. Assuming the claim is not time-barred, then the count should be dismissed as Plaintiff has failed to prove the existence of a valid customer agreement by not attaching the alleged agreement to the compliant. In any event, Plaintiff lacks standing to sue under any customer agreement entered into by WALKER and the dairy farmer as Plaintiff is not a party to the purported contract. Finally, Plaintiff does not "stand in the shoes" of the dairy farmer as the purported assignment in the Settlement Agreement and Release (***Exhibit B***) is invalid as contrary to applicable law. Therefore, Plaintiff's breach of contract claim should be dismissed.

### A. *TEXAS LAW IS APPLICABLE TO THE BREACH OF CONTRACT OF THE CUSTOMER AGREEMENT.*

In contract actions, Illinois uses the "most significant contacts" approach when deciding choice of law disputes. CSX Transp., Inc. v. Chicgao & N.W.Transp. Co., 62 F.3d 185, 188 (7th Cir. 1995). Among the factors relevant include, place of contracting, negotiation, performance, location of subject matter of the contract, and the domicile, residence, place of incorporation and business of the parties. Bradley v. TNT Skypack, Inc., 983 F. Supp.1147 (N.D. IL 1997).

In Bradley, plaintiff filed a breach of employment contract action in Illinois against its New York employer. The court held that New York law would apply. Analyzing the above factors, the court ruled that the contract was executed through the employer's New York office, employee negotiated the contract in New York, and performance of the contract started when employee moved to New York and began working in New York. Id. at 1149.

In this case, Texas law would apply. First, unlike the Master Dealer Agreement referenced in Count III, there is no choice of law provision in the "customer agreement." Second, Plaintiff alleges that "upon information and belief" a customer agreement was entered into between

21

Defendant, WALKER and the Dairy Farmer. (Complaint para. 25). "Said customer agreement obligated Defendants to ensure that the dairy milking equipment manufactured by Plaintiff was installed, maintained, and serviced in a timely and proper manner." (Complaint para. 26). Defendant, WALKER is not aware of any customer agreement that requires such an obligation, and Plaintiff fails to attach a copy of the phantom customer agreement.

In any event, the customer agreement, if such an agreement exists, is alleged to have been entered into between Defendant WALKER and the Dairy Farmer. (Complaint para. 25). Defendant WALKER is a Texas resident. (Complaint paras.3-4). The Dairy Farmer is a Texas resident. (Complaint para. 5). The phantom customer agreement would have been negotiated and performed in Texas. The domicile, residence and place of business of the parties that entered into this phantom customer agreement would have been from Texas. Therefore, under the choice of law rules, Texas would govern the breach of contract claim for the phantom customer agreement.

Moreover, the applicable statute of limitations would be four (4) years under both Illinois and Texas law. A breach of contract claim under Texas law is governed by a four (4) year statute of limitations. (Tex. Bus. & Com. Code Ann. Section 2.725). The section reads as follows:

> a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
> (b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.

Illinois contains an identical provision. A breach of contract claim for the sale of goods under Illinois law is governed by a four (4) years statute of limitations. 810 *ILCS* 5/2-725. Consequently, Count

IV is governed by the four (4) year statute of limitations.

**B.** **THE BREACH OF CONTRACT FOR THE CUSTOMER AGREEMENT SHOULD BE DISMISSED AS THE STATUTE OF LIMITATIONS HAS EXPIRED.**

Under Texas law, a breach of contract accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. Tex. Bus. & Com. Code Ann. Section 2.725(b). The alleged breach in this case occurred in June, 1995. (Complaint pars. 5-7). Consequently, the statute of limitation expired in June, 1999. Plaintiff filed this complaint on February 5, 2003. Accordingly, the statute of limitations has expired and Plaintiff's breach of contract claim is time-barred and should be dismissed.

**C.** **THE BREACH OF CONTRACT OF THE CUSTOMER AGREEMENT SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO ATTACH A COPY OF THE AGREEMENT.**

Plaintiff's allegations in the Breach of Contract of the Customer Agreement count are all based "upon information and belief." Plaintiff does not attach a copy of the agreement to the Complaint. Plaintiff's allegation that an agreement exists is based "upon information and belief." Plaintiff's allegation that Defendant WALKER had certain obligations under the agreement is based "upon information and belief." Plaintiff's allegation that Defendant WALKER breached its obligation under the contract is based "upon information and belief."

Whether under Texas law or Illinois law, in order to prevail under a breach of contract theory, the first element that the plaintiff must prove is the "existence of a valid contract." Keszler v. Memorial Med Center of East Texas, 105 S.W.3d 122 (Tex. App. Ct. 2003); K.I. Morgan Co., Inc. v. CTA, 25 F. Supp.2d 886 (N.D. IL 1998). Plaintiff has failed to prove the existence of the phantom customer agreement. Therefore the Count IV should be dismissed.

23

**D.    *PLAINTIFF LACKS STANDING TO BRING SUIT UNDER THE PHANTOM CUSTOMER AGREEMENT AS PLAINTIFF IS NOT A SIGNATORY OF THE AGREEMENT NOR WAS THE AGREEMENT FOR THE PLAINTIFF'S BENEFIT.***

Even if we assume for the sake of argument that the statute of limitations has not expired, and the Plaintiff can prove the existence of a valid customer agreement, Count IV nonetheless fails as the Plaintiff has no standing to sue under the customer agreement. Under both Texas law and Illinois law, only parties to a contract may bring suit for breach of that contract. Raymond v. Rahme, 78 S.W.3d 552, 561(Tex. App. Ct. 2002); American Builders & Contractors Supply v Bradley Construction Co., et al, 960 F. Supp 145, 147 (N.D. IL 1997).

In Raymond, the property owner hired a general contractor to build a gas station. The general contractor in turn hired plaintiff-subcontractor to perform the concrete work. After a payment dispute arose, plaintiff-subcontractor filed suit against property owner and general contractor to recover payments. Property owner counter-claimed for breach of contract. The court held that the property owner was not a party to the contract between the general contractor and subcontractor, and therefore could not recover for breach of that agreement. The court held that only a party to a contract may recover for breach of contract. Id. at 561.

In the case at bar, Plaintiff fails to allege that it was a party to any customer agreement entered into between Defendant, WALKER and the Dairy Farmer. As in Raymond, the Plaintiff in this case was not a party to the customer agreement and therefore can not recover for any breach of the agreement. Consequently, Plaintiff lacks standing to sue under the alleged customer agreement, and Count IV should be dismissed.

24

**E.    *PLAINTIFF CANNOT TAKE AN ASSIGNMENT OF THE BREACH OF CONTRACT CLAIM AS SUCH ASSIGNMENT IS CONTRARY TO THE LAWS OF BOTH TEXAS AND ILLINOIS.***

As previously discussed in Section II C of this brief, the purported assignment contained in the Settlement Agreement and Release is invalid under both Texas and Illinois law. Defendant incorporates by reference Section II C of this Brief. The Plaintiff has alleged in the Complaint that "[p]laintiff stands in the shoes of James Traweek [dairy farmer] with respect to Defendant's liability under the customer agreement." (Complaint para. 29). Plaintiff is attempting to assert its rights under the assignment. However, the assignment is invalid. Under Texas law, a settling party cannot take an assignment from the original injured party and attempt to reserve its right to reimbursement or contribution. International Proteins Corp., v. Ralston-Purina Co., 744 S.W.2d 932 (Tex. Sup. Ct. 1988); and Beech Aircraft Corp. v. Jinkins, 739 S.W.2d 19 (Tex. Sup. Ct. 1987). Under Illinois law, the assignment is contrary to the purpose and policies of the Illinois Contribution Act, as it seeks to allow Plaintiff to pursue contribution indirectly from Defendant, WALKER - a claim Plaintiff cannot accomplish directly. Dubina v. Mesirow Realty Development, Inc., 197 Ill.2d 185, 756 N.E.2d 836 (IL Sup. Ct. 2001).

Even if the assignment were valid, Count IV nonetheless fails. An assignee obtains no greater right or interest than that possessed by the assignor. Owens v. McDermott, Will & Emery, 316 Ill. App.3d 340, 350, 736 N.E.2d 145, 155 (IL. App. Ct. 2000). As set forth above, the statute of limitations has expired with respect to a breach of the customer agreement. Therefore, the Dairy Farmer had no actionable breach of contract claim to assign. Consequently, Count IV should be dismissed for failing to state a claim upon which relief can be granted.

**V.    COUNT V, THE CONTRACTUAL INDEMNITY COUNT SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The final count, Count V is based on contractual indemnity. It alleges that pursuant to the Master Dealer Agreement, WALKER is obligated to indemnify the Plaintiff. (Complaint paras 31-32). The indemnity count should be dismissed as it seeks indemnification for the Plaintiff's own negligence - contrary to public policy.

**A.    *ILLINOIS LAW APPLIES TO THE CONTRACTUAL INDEMNITY COUNT.***

The Master Dealer Agreement contains a Choice of law provision which reads as follows:

"This agreement shall be construed in accordance with the laws of the State of Illinois." Accordingly, Illinois law would apply to the contractual indemnity claim.

**B.    *THE CONTRACTUAL INDEMNITY PROVISION IS VOID AS AGAINST PUBLIC POLICY.***

The Plaintiff has filed a contractual indemnity claim based on the "Disclaimer of Liability" provision contained in the Master Dealer Agreement. (See Art. VII of Master Dealer Agreement attached to Plaintiff's Complaint). The relevant provision reads as follows:

> Dealer agrees to indemnify, defend and hold Babson harmless with respect to any claim or judgement based upon an act or omission of Dealer in connection with the conduct or operation of his business, including the operation of any motor vehicle, truck or trailer in connection therewith.

Under Illinois law, indemnification provisions which indemnify against a party's own negligence are against public policy, unless there is clear and explicit language in the contract to the contrary. Karsner v. Lechters IL, Inc., 331 Ill. App. 3d 474, 477, 771 N.E.2d 606, 608 (3d Dist. 2002). Indemnity contracts are to be strictly construed against the indemnitee. Id. at 476. "The

intention to indemnify another for its own negligence is unusual and extraordinary..." Id. In Karsner, the contract at issue contain the following indemnification clause:

> Carrier shall indemnify and hold Lechters harmless from and against any and all claims, actions damages, liability and expense, including attorneys fees, in connection with loss of life, personal injury, and/or damage to property arising from or out of the property of Lechters by carrier, and the use of any motor vehicle or other equipment by Carrier in connection therewith.

In Karsner, the plaintiff filed suit against Lechters, for injuries he sustained while unloading a trailer containing Lechters' merchandise. Lechters in turn filed a third-party action against plaintiff's employer seeking indemnification. The employer filed a motion to dismiss the third-party complaint. The employer argued that the indemnification provision was void as against public policy as Lechters is seeking indemnification for its own negligence. Lechters argued that the indemnification provision provided for indemnification against its own negligence. The court held that the indemnification provision will not be construed to indemnify a party against its own negligence because such an interpretation is "against established public policy." Id. at 475. The court further held that "[t]o hold that Lechters is not liable for its own negligence in loading the boxes in its trailer directly negates Lechters' incentive to responsibly load the trailer to avoid accidents." Id. at 477. The court affirmed the trial court's order dismissing the third-party compliant.

In the case at bar, Plaintiff is seeking indemnification for its own negligence, without any clear or unequivocal contractual language to support its claim. The indemnification provision in the Master Dealer Agreement does not contain clear and explicit language that WALKER is to indemnify the Plaintiff for Plaintiff's own negligence. The indemnification provision in this case, is similar to the provision in the Karsner case. The same policy concerns as in Karsner are also

available in this case - to hold that Plaintiff is not liable for its own negligence in manufacturing the

dairy farm equipment directly negates Plaintiff's incentive to responsibly manufacture the equipment

to avoid any damage or injuries. Therefore, as in <u>Karsner</u>, Plaintiff's indemnification count should

be dismissed.

### C. *PLAINTIFF IS NOT A PARTY TO THE MASTER DEALER AGREEMENT WHICH WAS ENTERED INTO BETWEEN WALKER AND A COMPANY CALLED BABSON BROS. CO.*

Assuming the indemnification provision is valid, Count V fails as the Plaintiff is not the

appropriate indemnitee. The Master Dealer Agreement was entered into between WALKER and a

company called Babson Bros. Co. (See Master Dealer Agreement attached to Plaintiff's Complaint).

According to Plaintiff's Complaint, "Plaintiff is the corporate successor to,...Babson Bros. Co."

(Complaint para. 1). However, Plaintiff fails to support this allegation by attaching any supporting

documentation that it is the corporate successor of Babson Bros. Co.

Defendant WALKER contracted with Babson Bros. Co, not Plaintiff. As Plaintiff has failed

to support the allegation that it has any rights under the contract, the indemnification count should

be dismissed.

### *RESERVATION OF RIGHTS:*

Defendant by bringing this motion to dismiss does not waive its right of filing a motion to

transfer pursuant to 28 *U.S.C.* Section 1404. Defendant has served onto Plaintiff Venue

Interrogatories, attached as ***Exhibit D***, to determine whether there is a good faith basis to file a

motion to transfer. If it is determined through discovery or otherwise that a motion to transfer is

appropriate, Defendant reserves its right to filing such motion if it so desires.

## CONCLUSION

WHEREFORE, for the forgoing reasons, WALKER DAIRY SUPPLY, INC., a Texas corporation, d/b/a ALAMO DAIRY AUTOMATION, ALAMO-SURGE and/or WALKER DAIRY SUPPLY and LELAND RANDAL WALKER, individually and d/b/a WALKER DAIRY SUPPLY, requests this Honorable Court to dismiss each count of Plaintiff's complaint with prejudice and for that other relief this court deems appropriate.

Respectfully Submitted,

WALKER DAIRY SUPPLY, INC., d/b/a
ALAMO DAIRY AUTOMATION
ALAMO-SURGE and/or WALKER
DAIRY SUPPLY and LELAND RANDAL
WALKER, individually and d/b/a WALKER
DAIRY SUPPLY.

Troy A. Lundquist
ARDC # 06211190
MANGAN, LANGHENRY, GILLEN & LUNDQUIST
18 W. Cass Street, Suite 200
Joliet, Illinois 60432
(815) 726-3600

29

# SEE CASE FILE FOR EXHIBITS