# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4304 | **DATE** | 11/4/2003 |
| **CASE TITLE** | WESTFALIA-SURGE vs. DAIRY TEX, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant Walker's motion (9-1, and 13-1) to dismiss is granted. Motion (16-1) strike affidavit is denied as moot. Motion (8-1) to admit is denied as moot. Enter memorandum opinion and order.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WESTFALIA-SURGE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAIRY TEX, INC., a Texas corporation; WALKER DAIRY SUPPLY, INC., a Texas corporation, d/b/a ALAMO DAIRY AUTOMATION, ALAMO-SURGE and/or WALKER DAIRY SUPPLY; LELAND RANDAL WALKER, individually and d/b/a WALKER DAIRY SUPPLY,<br><br>Defendants. | No. 03 C 4304<br>Judge James B. Zagel<br><br>DOCKETED<br>NOV 1 0 2003 |

## MEMORANDUM OPINION AND ORDER

In 1995, a dairy farmer named James Traweek purchased automated dairy milking equipment manufactured by Westfalia-Surge, Inc. ("Westfalia") and sold and distributed in Texas by Leland Randal Walker's Walker Dairy Supply, Inc. ("Walker") pursuant to a "Master Dealer Agreement" between Westfalia and Walker. Traweek began experiencing problems with the milking of his cows. Subsequently, he filed suit against Westfalia. Westfalia settled the claim with Traweek and then filed a five-count complaint against Walker seeking reimbursement of the settlement amount as well as other incidental costs incurred. Count I is based on negligence, Count II on contribution, Count III on breach of contract of the Master Dealer Agreement, Count IV on breach of contract of a "customer agreement," and Count V on contractual indemnity.



Walker has moved to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, I must accept as true all well pled factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to Westfalia. *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993). However, I should grant the motion if it appears beyond doubt that Westfalia can prove no set of facts in support of its claim which would entitle it to relief. *Davis v. Browner*, 113 F.Supp.2d 1223 (N.D. Ill. 2000).

Count I: Negligence

Count I alleges that Walker breached a duty to Westfalia to ensure that Westfalia's "dairy farm equipment was properly and adequately installed, repaired, maintained and services, so as to perform properly." Walker claims that this count should be dismissed because the two-year statute of limitations for tort claims has expired.[1] Tex. Civ. Prac. & Rem Code Ann. § 16.003(a).

---

[1] There is an issue as to whether Illinois or Texas law applies to Count I. This being a diversity jurisdiction suit, conflicts issues are determined by looking at the conflicts rules of the state in which the federal court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). In this case, I look to Illinois.

In a tort action, Illinois uses the "most significant relationship" approach. *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996). This approach requires a determination as to "which state possesses the most significant relationship to the issues involved after evaluating the contacts the various states have with the litigation." *St. Charles Riverfront Station, Inc. v. Empress Casino Joliet Corp.*, 5 F.Supp.2d 592, 592 (N.D. Ill. 1998). Among the factors to consider are: (1) the place of injury and the place where the conduct causing the injury occurred; (2) the domicile of the parties; (3) the place of incorporation and place of business of the parties; and (4) the place where the parties' relationship is centered. *Id.* However, "[t]he most important factors are the place where the injury occurred and the place of the conduct causing the injury." *Id.*

Here, the place of injury and place where the conduct causing the injury occurred is Texas. The dairy farm equipment was sold to a Texas farmer; the farmer began experiencing problems with the equipment in Texas; and the defendants allegedly failed to properly and adequately install, repair, maintain, and service the equipment located in Texas. Therefore, the most important factors weigh in favor of applying Texas law, and the other factors in

2

A cause of action accrues for purposes of the statute of limitation, when the alleged wrongful act was committed. *Dallas Power & Light Co. v. Westinghouse Elec. Corp.*, 855 F.2d 203 (5th Cir. 1988).[2] In this case, any claim for negligence accrued in 1995 because, according to the Complaint, Traweek purchased the equipment in 1995 and subsequently began experiencing problems with the equipment. Therefore, the two-year limitations period expired in 1997, but Westfalia filed this lawsuit on February 5, 2003. Westfalia notes that Traweek made a claim against the Westfalia in May 2000 for damages allegedly sustained over a period between June 1995 and January 2000. Even if we take the May 2000 date – the alleged date that Traweek made a claim with Westfalia – the limitations period then ended in May 2002. Therefore, under either limitations scenario, this claim is time-barred. Accordingly, I dismiss Count I.

Even if Count I is not time barred, I would dismiss it nonetheless because it is precluded under the economic loss doctrine. *See Trans-Gulf Corp. v. Performance Aircraft Servs., Inc.*, 82 S.W.3d 691 (Tex. App. Ct. 2002). Westfalia seeks reimbursement of the sum of money it paid out to settle the claim with Traweek and other incidental costs and expenses incurred regarding Traweek's claim, but Westfalia has not alleged that it suffered any personal injury or property damage. Its claim establishes solely economic losses that are not recoverable under a negligence theory.

---

consideration with these factors lead me to conclude that Texas law applies to Count I.

[2] Westfalia settled its claim with Traweek and took a purported assignment of Traweek's cause of action against Walker. Based on this assignment, Westfalia obtains no greater right or interest than that possessed by Traweek. *Owens v. McDermott, Will & Emery*, 736 N.E.2d 145, 155 (Ill. App. Ct. 2000).

3

Count II: Contribution

Count II alleges that "[p]laintiff has paid amounts in excess of its pro rata share of the common liability to [Traweek], and is therefore entitled to contribution from the Defendants pursuant to the Illinois Contribution Act, 740 ILCS 100/0.01 et seq." Walker argues that Westfalia, as the settling party, has no legal right to seek contribution from a non-settling party under Texas law and alternatively that if Illinois law applies, Westfalia cannot seek contribution because it has not extinguished Walker's liability to Traweek. Under Texas law, a settling party may not preserve contribution rights either by obtaining a complete release from all other parties or by obtaining an assignment of the plaintiff's entire claim. *International Proteins Corp. v. Ralston-Purina Co.*, 744 S.W.2d 932 (Tex. 1988); *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex. 1987); *see also Pearce v. Vince Hagan Co.*, 834 S.W.2d 108 (Tex. App. Ct. 1992) (settling party cannot preserve contribution rights by attempting to settle injured parties' entire claim); *Hagan v. McKenna*, 768 S.W.2d 518 (Tex. App. Ct. 1989) (party who settled an injured parties' claim has no right of contribution against a party who was not joined in the settlement). In this case, Westfalia settled with Traweek after Traweek made a direct claim against Westfalia. Contained in the agreement was an assignment of Traweek's rights against Walker, and Westfalia instituted this lawsuit, pursuant to the agreement, to seek contribution from Walker for monies paid to Traweek. However, Walker is a non-settling party, and therefore Westfalia has no right of contribution against Walker. Accordingly, I dismiss Count II.

Even if I apply Illinois law to Count II, the result is no different because under Illinois law, a party who wishes to settle with an injured party and intends to seek contribution from another third party "may seek contribution only from parties whose liability was extinguished by

4

that same settlement." *Dixon v. Chicago & N. W. Transp. Co.*, 601 N.E.2d 704, 707 (Ill. 1992). Here, although Westfalia's settlement agreement with Traweek contained a release, it did not extinguish any third party's liability, including Walker. Accordingly, Count II would be barred under Illinois law as well.

Count III: Breach of Master Dealer Agreement

Count III alleges that Walker breached certain provisions of its Master Dealer Agreement with Westfalia. Walker argues that the four year statute of limitations for this breach of contract claim has expired.[3] Tex. Bus. & Com. Code Ann. § 2.725. A breach of contract action accrues when the breach occurs, *regardless of the aggrieved party's knowledge of the alleged breach or lack thereof.* Tex. Bus. & Com. Code Ann. § 2.725(b) (emphasis added). The Complaint states that the alleged breach in this case occurred in June 1995. Therefore, the statute of limitations expired in June 1999. Count III is therefore time barred because it was filed in February 2003. The fact that Traweek did not make a claim with Westfalia until May 2000 and that Westfalia

---

[3] Illinois law applies because the Master Dealer Agreement states that "[t]his agreement shall be construed in accordance with the laws of the State of Illinois." Under the Illinois Borrowing Statute, however, "[w]hen a cause of action has arisen in a state or territory out of this State, or in a foreign country, and by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." 735 ILCS 5/13-210. The statute applies where: (1) neither party to the action resides in Illinois; and (2) the cause of action arose outside of Illinois. *Caraluzzi v. Prudential Sec., Inc.*, 824 F.Supp. 1206, 1213 (N.D. Ill. 1993). A corporation resides where it is incorporated and not where it does business. *Id.*

Here, neither party to this action is an Illinois resident. Plaintiff is incorporated in Delaware; Walker is incorporated in Texas; and Walker's owner is a resident of Texas. Moreover, this action arose in Texas. The dairy farm equipment was placed, used, and allegedly caused injury in Texas. Finally, a breach of contract claim under Texas law is governed by a four year limitations period, *see* Tex. Bus. & Com. Code Ann. § 2.725, but a breach of contract claim under Illinois law is governed by a ten year limitations period, *see* 735 ILCS 5/13-204. Therefore, the Illinois Borrowing Statute applies, and the shorter Texas period applies.

5

may therefore not have known about the breach until May 2000 is irrelevant for purposes of the limitations period. Accordingly, I dismiss Count III.

Count IV: Breach of Customer Agreement

Count IV alleges that Walker breached a customer agreement with Westfalia by failing to install, maintain and service the dairy farm equipment. Once again, Walker argues that the four year statute of limitations for this breach of contract claim has expired.[4] Here, the alleged breach occurred in June 1995, but Westfalia did not file suit until February 2003. Accordingly, I dismiss Count IV.

Even if Count IV is not time barred, I would dismiss it nonetheless because under both Texas and Illinois law, only parties to a contract may bring suit for breach of that contract. *Raymond v. Rahme*, 78 S.W.3d 552, 561 (Tex. App. Ct. 2002); *American Builders & Contractors Supply v. Bradley Constr. Co.*, 960 F.Supp. 145, 147 (N.D. Ill. 1997). Here, Westfalia does not allege that it was a party to any customer agreement between Walker and Traweek. Accordingly, Westfalia lacks standing to sue under the alleged customer agreement.

Count V: Indemnification

---

[4] Regardless of whether Texas or Illinois law applies, a breach of contract claim is subject to a four year statute of limitation so there is no conflicts issue. *See* Tex. Bus. & Com. Code Ann. § 2.725; 810 ILCS 5/2-725. Westfalia attempts to argue that because the purported customer agreement is not a contract based on a "sale of goods," the four year limitations period under the UCC is not applicable. However, Westfalia fails to address which limitations period would be applicable if this is so. Regardless, whether the contract is for the sale of goods or otherwise, a breach of contract claim is governed by a four year limitations period. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 16.004.

Count V alleges that Walker is obligated to indemnify Westfalia pursuant to the Master Dealer Agreement. Walker argues that this count should be dismissed because under Illinois law, indemnification provisions that indemnify against a party's own negligence are against public policy unless there is clear and explicit language in the contract to the contrary.[5] *Karsner v. Lechters Illinois, Inc.*, 771 N.E.2d 606, 608 (Ill. App. Ct. 2002). Therefore, to the extent that the indemnification provision at issue allows indemnification on the basis of Westfalia's negligence, it is void and therefore Count V is dismissed.

In response, Westfalia argues that it is seeking indemnification for "<u>Walker's</u> negligence, not Plaintiff's negligence." (emphasis in original). If this is so, however, Westfalia is in essence seeking recovery for the pro rata share of Walker's percentage of fault, in other words contribution.[6] Therefore, to the extent that Count V seeks contribution from Walker for Walker's negligence, it is dismissed for the same reasons I dismissed Westfalia's direct claim for contribution in Count II.

---

[5] Once again, Illinois law applies because the Master Dealer Agreement states that "[t]his agreement shall be construed in accordance with the laws of the State of Illinois."

[6] As background, indemnification agreements and actions attempt to shift full liability and loss from one party to another, and therefore the parties' relative percentage of fault is irrelevant. *Van Slambrouck v. Econ. Baler Co.*, 475 N.E.2d 867 (Ill. 1985). Contribution, on the other hand, distributes the loss among joint tortfeasors according to their relative percentages of fault. *Skinner v. Reed-Prentice Div. Mach. Co.*, 374 N.E.2d 437 (Ill. 1977).

For the reasons above, Walker's Motion to Dismiss is GRANTED but its Motion to Strike Affidavit and Allegations Relying on the Affidavit in Plaintiff's Response to Defendant's Motion to Dismiss is DENIED as moot.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 4 Nov 2003